UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

CHARLES LEROY LEWIS,

                                  Petitioner,

v.                                            Civil Action No. 3:10–CV–257

GENE M. JOHNSON,
   Director, Department of Corrections,

                                Respondent.

**MEMORANDUM OPINION**

THIS MATTER is before the Court on Charles Leroy Lewis's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (ECF No. 1) and on the Motion to Dismiss that petition filed by the Respondent, the Director of the Department of Corrections (ECF No. 4). The Petitioner alleges that his trial counsel's ineffective assistance merits federal habeas relief. As described below, the Court finds that the Petitioner has failed to demonstrate that the Supreme Court of Virginia's decision denying his state habeas petition was contrary to or an unreasonable application of federal law. For this reason, the Court shall GRANT the Respondent's motion to dismiss, DENY Lewis's petition for a writ of habeas corpus, DENY his request for an evidentiary hearing, and ISSUE a certificate of appealability.

**I. BACKGROUND**

On February 14, 2006, the Petitioner was charged in the Hampton Circuit Court with one count each of breaking and entering, abduction, and robbery and three counts of use of a firearm in commission of these offenses. He was found guilty following an October 2006

1

bench trial and sentenced to 58 years incarceration, with 45 years suspended. Both the Court of Appeals and the Supreme Court of Virginia denied his appeals.

Lewis filed a petition for a writ of habeas corpus in the Supreme Court of Virginia in March 2009, setting forth five claims alleging that his trial counsel deprived him of his Sixth Amendment right to effective assistance of counsel. The Court denied and dismissed the petition in October 2009.

Lewis timely filed the instant petition on April 20, 2010, raising four of the five claims raised in state habeas petition to assert again that his trial counsel deprived him of his right to effective assistance of counsel. The Respondent, the Director of the Department of Corrections, by counsel, filed an answer and motion to dismiss the petition.

## II. **APPLICABLE LAW**

### A. **Standard of Review**

A federal court may review a petition for a writ of habeas corpus by a person serving a sentencing imposed by a state court only on the ground that the person is being held in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The federal court may grant the petition on a claim decided on its merits by the state court only if that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," *id.* § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d)(2).

A decision is "contrary to" federal law if it resolves a question of law in a way that contradicts the relevant Supreme Court precedent, or if it yields a result that differs from

the outcome of a Supreme Court case involving "materially indistinguishable" facts. *Williams v. Taylor*, 529 U.S. 362, 405-06, 413 (2000). A decision applies federal law unreasonably if it is based on the correct legal principle but applies that rule unreasonably to the facts of a case. *Id.* at 413. Whether a decision is reasonable is determined by an objective, not subjective, test. *Id.* at 409-10. The question is not "whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 473, 1939 (2007) (citing *Williams*, 529 U.S. at 410). Finally, a federal court is to presume the correctness of the state court's finding of facts and not find an "unreasonable determination" of the facts, unless the petitioner rebuts the presumption by clear and convincing evidence. *Id.*

Thus, under § 2254(d), if a state court applies the correct legal rule to the facts of a case in a reasonable way, or makes factual findings reasonably based on the evidence presented, a federal court does not have the power to grant a writ of habeas corpus, even if the federal court would have applied the rule differently. *Williams*, 529 U.S. at 406-08.

**B. <u>Ineffective Assistance of Counsel</u>**

The Sixth Amendment establishes that a person charged with a crime is entitled to effective representation, *Strickland v. Washington*, 466 U.S. 668, 685-86 (1984), at every "critical stage" of the proceedings against him, *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). In considering a defendant's claim that his Sixth Amendment rights were violated due to ineffective assistance of counsel, "[a] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *see United States v. Dyess*, 478 F.3d 224, 238 (4th Cir. 2007)

3

(stating that attorneys are presumed to have "rendered objectively effective performance").

A petitioner who alleges ineffective assistance of counsel as grounds for his § 2254 petition must prove that (1) his counsel's performance was deficient and (2) his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. To satisfy the first prong of the test, the petitioner "'must show that counsel's representation fell below an objective standard of reasonableness' measured by 'prevailing professional norms.'" *Lewis v. Wheeler*, 609 F.3d 291, 301 (4th Cir. 2010) (quoting *Strickland*, 466 U.S. at 688). To satisfy the prejudice requirement, the petitioner must show that counsel's errors were serious enough to deprive the petitioner of a fair trial. *Strickland*, 466 U.S. at 687. In other words, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of that proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may inquire into either prong of the *Strickland* test first. If it is clear that a defendant has not satisfied one prong, a court need not inquire into whether he has satisfied the other. *Id.* at 697.

### III. DISCUSSION

**A. Exculpatory Evidence (Claim 1)**

The Petitioner first argues that he is entitled to federal habeas relief because his trial counsel failed to file a motion to obtain full disclosure of discovery and exculpatory evidence prior to the trial. The Petitioner further argues that due to his counsel's failure to obtain this information, he was not aware of prior inconsistent statements made by key

4

witnesses, that the victim failed to identify him in a photo lineup shortly after the robbery, and that a codefendant had an agreement to provide information to the Commonwealth without exposing herself to new charges. According to the Petitioner, this overall failure to obtain exculpatory information "rendered trial counsel unable to adequately and effectively prepare the defense and to advise the Petitioner regarding the pre-trial waiver of his Constitutional right to trial by jury." (Pet., ECF No. 1, at 9).

The Supreme Court held that this claim failed to meet either prong of the *Strickland* inquiry. Relying on the record, the court found that the Petitioner's trial counsel reviewed the Commonwealth's entire case file twice prior to trial. The court also found that trial counsel's cross-examination of the Commonwealth's witnesses included questions about their prior inconsistent statements. Thus, the court held, "Petitioner fail[ed] to articulate the existence of any information that was not discovered by counsel and that was not elicited at trial." (R. 090623, at 2). Because of that failure, the court held that the Petitioner could not show that trial counsel's performance was deficient or prejudicial.

Upon review of the record, this Court concludes that the Supreme Court reasonably applied *Strickland*. Trial counsel accessed the Commonwealth's file pursuant to its "open file" policy and subsequently received additional documents from the prosecutor. Despite the Petitioner's claim, trial counsel had no need to file a motion to obtain exculpatory evidence to which he already had full access. Furthermore, the transcript shows—and the Petitioner concedes—that trial counsel cross-examined the witnesses about their prior inconsistent statements, directly contradicting the Petitioner's first claim. While the Petitioner characterizes the cross-examination as based on "partial information" due to trial counsel's failure to file a motion for exculpatory evidence (Pet., ECF No. 1, at 12), he

has offered no evidence to support this allegation. The record shows that trial counsel accessed the Commonwealth's file to obtain exculpatory evidence and used that evidence to confront the witnesses. Accordingly, this Court finds that the Supreme Court of Virginia's holding that the Petitioner's first claim did not satisfy either *Strickland* prong was neither contrary to nor an unreasonable application of federal law.

### B. **Photographic Evidence** (Claim 3)

Shortly after the robbery at the center of this case, the victim described the robber as having a scar on his upper lip. The Petitioner alleges that trial counsel should have presented the Petitioner's booking photo from the day after the robbery, which would have shown that he had no scar on his upper lip upon arrest. Trial counsel's failure to do so, the Petitioner alleges, amounts to ineffective assistance.

The Supreme Court of Virginia found that because trial counsel questioned the victim about his identification, "[i]ntroducing petitioner's booking photograph would have been cumulative." (R. 090623, at 3). Furthermore, the court noted that because trial counsel specifically asked the victim to acknowledge that the Petitioner did not have a scar on his upper lip while the Petitioner was present in the courtroom, "any inconsistency between the victim's description and petitioner was amply demonstrated by petitioner's presence alone." *Id.*

The Supreme Court's decision was neither contrary to nor an unreasonable application of federal law. Given trial counsel's cross-examination of the witness and the Petitioner's presence in the courtroom during that questioning, the photographic evidence would have been cumulative. The failure to present cumulative evidence does not satisfy

6

the prejudice prong of *Strickland*. *Huffington v. Nuth*, 140 F.3d 572, 581 (4th Cir. 1998). Thus, the Supreme Court reasonably applied the relevant law.

C.  **Constructive Possession** (Claim 4)

The Petitioner next claims that trial counsel was ineffective because he failed to argue that the victim did not constructively possess the safe stolen during the robbery and, therefore, could not have been the victim of a robbery. The Petitioner acknowledges that trial counsel advanced the argument that the evidence did not show that the victim owned or controlled the safe and, therefore, was insufficient to support a robbery conviction. He contends, however, that if trial counsel had argued that the victim did not even constructively possess the safe and preserved that issue for appeal, the outcome of the trial would have been different.

The Supreme Court of Virginia held that this claim did not satisfy either *Strickland* prong. The court, citing Virginia law, stated that because the victim's right to the safe located in his home was superior to the Petitioner's right to that safe, the evidence was sufficient to support a robbery conviction.

The Petitioner cannot satisfy *Strickland* by arguing that trial counsel should have made a different argument regarding possession unless the proposed argument is "clearly stronger than those presented." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000); *also Smith v. Robbins*, 528 U.S. 259, 288 (2000). Trial counsel argued a motion to strike on the grounds that the victim did not possess or control the safe. The Petitioner's proposed argument—that he did not constructively possess the safe—is not clearly stronger. In Virginia, a non-owner can be the victim of a robbery as long as that person's "right of possession is superior to that of the robber." *Johnson v. Commonwealth*, 211 S.E.2d 71, 72 (Va. 1975). In

this case, the victim's right of possession to the safe was clearly superior to the Petitioner's. Thus, the Supreme Court's holding that the Petitioner failed to meet either *Strickland* prong was a reasonable application of federal law.

### D. <u>Accomplice Testimony</u> (Claim 5)

Finally, the Petitioner alleges that trial counsel was ineffective because he "failed to argue that the law requires a more stringent level of proving the credibility of a testifying co-defendant than for other prosecution witnesses" and because he failed to object to the trial court's application of incorrect legal standards for addressing witness credibility. (Pet., ECF No. 1, at 28). According to the Petitioner, trial counsel was ineffective because after the prosecutor suggested a standard for evaluating a codefendant's testimony, trial counsel failed to inform the court of the proper, heightened standard. The Petitioner argues that the trial court "manifested application of incorrect standards of law to assess the credibility of witnesses," *id.*, and cites numerous statements made by the trial court that he contends show that the codefendant's testimony could not have met the heightened standard.

The Supreme Court of Virginia found that trial counsel argued that the "co-defendant's testimony was incredible and motivated by her desire for leniency from the Commonwealth in exchange for her help in convicting petitioner." (R. 090623, at 5). The Supreme Court also noted that the trial court stated on the record its concerns about her inconsistent statements and motivation to testify but found her credible nevertheless. Finally, the Supreme Court acknowledged that the trial court credited the victim's testimony and stated that the evidence was sufficient to support the convictions.

The Petitioner cites *Lilly v. Virginia*, 527 U.S. 116 (1999), and *Lee v. Illinois*, 476 U.S. 530 (1986), which support the argument that accomplice testimony necessarily warrants

8

suspicion, to argue that trial counsel should have taken additional steps to highlight the problems with his codefendant's testimony. These cases do not advance the Petitioner's claim of ineffective assistance, however, because they both focus on the factfinder's role in that credibility determination. In this case, trial counsel challenged the codefendant's credibility, motivation, and inconsistent statements. The trial court considered those arguments, expressly stated its concerns with her testimony, and found her credible in light of the other evidence supporting the convictions. Thus, this Court concludes that it was reasonable for the Supreme Court to decide that the Petitioner failed to show that trial counsel was ineffective due to a failure to make additional arguments regarding the codefendant's credibility or that this alleged error altered the outcome of the proceedings.

### E. **Evidentiary Hearing**

The decision to grant an evidentiary hearing is left to the "sound discretion of district courts." *Schriro*, 550 U.S. at 473; *see* 28 U.S.C. § 2254, Rule 8(a) ("[T]he judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted."). A federal court must consider whether the evidentiary hearing would provide the petitioner the opportunity to "prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro*, 550 U.S. at 474; *see Mayes v. Gibson*, 210 F.3d 1284, 1287 (10th Cir. 2000). The court must also consider the standards prescribed by § 2254 when considering whether an evidentiary hearing is appropriate. *Schriro*, 550 U.S. at 474.

The Petitioner requests an evidentiary hearing "[d]ue to the complexity of the circumstances of this case" and to "resolve any and all disputes of material facts." (Pet., ECF No. 1, at 36, 37). A full review of the record reveals that no factual disputes at issue here

merit an evidentiary hearing. Accordingly, an evidentiary hearing is unnecessary, and the Court denies that request.

### F. <u>Certificate of Appealability</u>

Rule 11(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts requires a district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." For Lewis to appeal this Court's denial of his habeas petition, the petition must meet the showing required by 28 U.S.C. § 2253(c)(2), which allows an appeal in a § 2254 case "only if the applicant has made a substantial showing of the denial of a constitutional right." Specifically, the applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Supreme Court has held that "a claim can be debatable even though every jurist of reason might agree . . . that petitioner will not prevail." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). In recognition of this permissive standard, the Court will issue a Certificate of Appealability although the record in this case shows none of Lewis's claims satisfy the *Strickland* inquiry.

//
//
//
//
//
//
//
//

## IV. **CONCLUSION**

For the foregoing reasons, the Court GRANTS the Respondent's motion to dismiss, DENIES the petition for habeas relief, DENIES the Petitioner's request for an evidentiary hearing, and ISSUES a Certificate of Appealability.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

>                 /s/
> James R. Spencer
> Chief United States District Judge

ENTERED this __22nd__ day of September 2011.

11